Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-2002

JAMES FREEMAN, III,

Petitioner, Appellant,

v.

DAVID NOLAN,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Torruella, Lynch, and Barron,
Circuit Judges.

Christine DeMaso, Assistant Federal Public Defender, Federal Public Defender Office, District of Massachusetts, on brief for appellant.
Eva M. Badway, Assistant Attorney General, Criminal Bureau, and Maura Healey, Attorney General of Massachusetts, on brief for appellee.

September 9, 2016

**Per curiam.** James Freeman, III appeals from the denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254 on March 14, 2011, in the United States District Court for the District of Massachusetts. Freeman raised four challenges to his 1999 convictions for first-degree murder and other crimes of violence under Massachusetts state law, only three of which he maintains on appeal.[1]

On October 16, 2012, a magistrate judge issued a report and recommendation concluding that none of Freeman's claims supported habeas relief. As to the three claims framed by Freeman, the magistrate judge found as follows:

First, Freeman's challenge to the trial court's decision to permit a potential defense witness to assert a Fifth Amendment privilege not to testify failed on the merits, as the record did not reflect an unreasonable application of clearly established federal law. See id. § 2254(d)(1). And in any event, the record indicated that any error was harmless.

Second, Freeman's challenge to the trial court's dismissal of a deliberating juror likewise failed on the merits, see id., while his corollary challenge to the court's jury instruction regarding that dismissal was procedurally defaulted,

---

[1] Claims not renewed in an appellate brief are waived. See United States v. Dietz, 950 F.2d 50, 54 (1st Cir. 1991).

even if properly before the habeas court, see Olszewski v. Spencer, 466 F.3d 47, 62 (1st Cir. 2006).

Third, Freeman's ineffective-assistance challenge, predicated on his counsel's failure to seek exclusion of particular evidence, was time-barred.[2]  See 28 U.S.C. § 2244(d)(1).

On July 13, 2015, the district judge issued an order adopting the magistrate judge's report and recommendation, thereby dismissing Freeman's petition. We agree that the petition must be dismissed substantially for the reasons articulated below, without adoption of the magistrate judge's opinion.  See 1st Cir. R. 27.0(c).  We add only that, even if all of Freeman's claims were properly preserved for consideration on the merits, they would still fail.  See 28 U.S.C. § 2254(d)(1).

The order of the district court is affirmed.

---

[2]    Freeman's brief appears to have jettisoned the broader, cumulative-ineffectiveness component of his challenge, which the magistrate judge rejected on the merits.  On appeal, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).